**SHAO FANG YE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, United States Attorney General, Alberto R. Gonzales, Respondents.**

No. 05–4818–ag.

United States Court of Appeals, Second Circuit.

May 8, 2006.

David A. Bredin, New York, New York, for Petitioner.

Charles T. Miller, United States Attorney, L. Anna Forbes, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Shao Fang Ye, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Jeffrey Chase's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

**A. Asylum, Withholding of Removal, and CAT Relief**

The IJ's finding that it was implausible for Ye to want a son and yet decide to leave her husband in China was speculative. *See, e.g., You Hao Yang v. BIA,* 440 F.3d 72 (2d Cir.2006). However, substantial evidence supports the IJ's determination that there was insufficient objective evidence on which Ye could base a well-founded fear of future persecution. The IJ found that Ye had not suffered past persecution, and Ye did not argue before the BIA that this finding was in error. Therefore, the burden was on Ye to establish her eligibility for asylum by showing a well-founded fear of future persecution, which requires the petitioner to show both subjective and objective fear. 8 C.F.R. § 208.13(b)(2); *Ramsameachire,* 357 F.3d at 178. The IJ's finding in this regard was reasonable. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

Ye's claim for CAT relief is based on the same grounds as her claims for asylum and withholding of removal. The IJ's determination that Ye did not prove she was subject to past persecution nor that she would be subject to any persecution on being returned to China precludes a favorable decision on the CAT claim because the alleged acts of persecution formed the only basis for that claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Moreover, even assuming the IJ could have better explained his analysis of the CAT claim, a

remand for doing so would be futile. We confidently predict that the IJ would reach the same result absent any errors. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 150 (2d Cir.2006).

## B. Due Process Challenge

Aliens challenging final orders of removal must exhaust their administrative remedies, 8 U.S.C. § 1252(d)(1), which requires exhaustion of bases for relief and relevant issues, although not subsidiary legal arguments. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Although the BIA does not have jurisdiction to adjudicate constitutional issues, *United States v. Gonzalez–Roque,* 301 F.3d 39, 47–48 (2d Cir.2002) (internal quotation marks omitted), the BIA could have decided underlying issues regarding fairness of process, and an appeal to the BIA on that ground could have provided Ye with the possibility of relief. *See Theodoropoulos v. INS,* 358 F.3d 162, 172 (2d Cir.2004). It was, therefore, necessary that Ye argue to the BIA that the IJ was biased and interrogated her in an inappropriate manner in order to for Ye to satisfy the exhaustion requirement. Because she failed to do so, we cannot hear that argument on petition to this court.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).